## PEARSON v. THE MUTUAL INSURANCE CO., OF GREENVILLE, S. C.

INSURANCE—ESTOPPEL.—THE MUTUAL INSURANCE CO., OF GREENVILLE, S. C., can only insure property of its members, and while the acts of its agent in insuring property of one person in name of another, with notice of ownership, would bind the company in an ordinary case, it cannot do so where such act contravenes its charter powers.

Before ALDRICH, J., Orangeburg, March, 1901. Reversed.

Action on insurance policy by James H. Pearson against the Mutual Insurance Co. of Greenville, S. C., and Mary A. Pearson. The order of the Circuit Court in passing on defendant's demurrer is as follows:

"This action comes before this Court upon a motion to dismiss the complaint herein upon the ground that said complaint 'fails to allege facts sufficient to constitute a cause of action, in that:'

" '1. It appears from the face of the complaint that the

21—61

defendant, The Mutual Insurance Company, of Greenville, S. C., made its contract not with the plaintiff, but with its codefendant, Mary A. Pearson.

"'2. It appears upon the face of the complaint that the plaintiff was not a member of the defendant corporation, and under its charter the said corporation has power to insure only the property of its members.'

"The complaint alleges that the defendant, The Mutual Insurance Company, of Greenville, S. C., is a corporation existing under the laws of this State. See vol. 21, Stat. of S. C., p. 1120. Under its charter the corporation 'did not have the power to insure the property of any but members of the association.' *Jacobs* v. *The Mutual Insurance Company, of Greenville, S. C.,* 52 S. C., 112. What a stranger to the insurance company must do to 'become' a member of the corporation is not clearly stated in the act. It is possible that a person may be a member but not a policy-holder in the company. A policy-holder, under the act, must be a member of the company. From the allegations of the complaint, and the wording of the motion to dismiss the complaint, it would seem that one must make an application for insurance, and that the company, if it wished to do so, may issue its policy of insurance to such applicant.

"According to the allegations of the complaint, which, for the purpose of this motion must be regarded as true, the defendant, the insurance company, did not wait for the plaintiff to apply for insurance, but approached plaintiff and solicited plaintiff to insure in the defendant's company.

"The complaint, after alleging that the plaintiff was the owner of the property insured, alleged that W. P. Pickens, 'as supervisor or agent of the defendant company,' came to plaintiff 'while absent from his house, and solicited the plaintiff to insure his property in the company of the defendant;' that plaintiff consented, stating that the property belonged to him, but that he was then too busy to go to the house to attend the same; whereupon the said W. P. Pickens stated that the wife of plaintiff could attend to the matter as well

as if plaintiff were there in person, and plaintiff assented thereto.'

"These allegations clearly state that the action of the plaintiff was predicated upon the representations of the agent of the defendant company. It is distinctly alleged that the agreement to insure was made by the said agent with the plaintiff, and that said agent 'stated that the wife of plaintiff could attend to the matter as well as if plaintiff was there in person.' Accordingly, it is alleged in the complaint that said agent went to the house, and then 'wrote out an application for the proposed insurance and had Mary A. Pearson, the wife of plaintiff, to sign the same.'

"If the agreement was not carried out, it was the fault of the agent of the defendant company, and the failure of said agent to carry out said agreement was after he had notice, a second time, that plaintiff was the owner of the property. Even after the second notice, said agent 'had Mary A. Pearson' to sign the application. The complaint alleged that 'the policy was issued' by the defendant company, in the name of Mary A. Pearson, instead of the name of the plaintiff.'

"The next allegation in the complaint was : 'that the plaintiff paid all of the advance fees, premiums and assessments, and all of the same thereafter accruing; and performed all of the conditions precedent required to be by him performed, as the insured, by the said written policy of insurance.'

"It is, therefore, alleged that plaintiff contracted with the defendant company for insurance, and paid said company for such insurance. Defendant company should not be permitted to take advantage of its own wrong. It should not be allowed to solicit business, sell insurance, accept pay therefor, and then refuse to comply with its agreement.

"I think that the views herein expressed are in accord with the law as stated in *Sparkman* v. *Council,* 57 S. C., 16; and that the case of *Jacobs* v. *Insurance Co.,* 52 S. C., 112, is not hostile thereto. Wherefore,

"It is ordered, adjudged and decreed, that the motion to

dismiss the complaint herein be, and hereby is, refused and dismissed."

The defendant insurance company appeals on following exceptions:

"I. His Honor erred in not sustaining appellant's motion to dismiss the complaint upon the ground that it failed to allege facts sufficient to constitute a cause of action in that: 1. It appears from the face of the complaint that the defendant, The Mutual Insurance Company, of Greenville, S. C., made its contract not with the plaintiff, but with its code-fendant, Mary A. Pearson. 2. It appears upon the face of the complaint that the plaintiff was not a member of the defendant corporation, and under its charter the said corporation has power to insure the property of only its members. 3. The complaint fails to allege that the plaintiff was a member of the defendant corporation, and under its charter appellant had no power to insure other than its members.

"II. Error in holding, 'it is, therefore, alleged that plaintiff contracted with the defendant company for insurance, and paid said company for such insurance. Defendant company should not be permitted to take advantage of its own wrong. It should not be allowed to solicit business, sell insurance, accept pay therefor, and then refuse to comply with its agreement.' It being respectfully submitted that, if the company has no power to insure property of other than members, any alleged contract with any other person or persons would be *ultra vires,* and beyond the reach of estoppel.

"III. Error in holding that the case of *Jacobs* v. *The Insurance Company,* 52 S. C., 112, is not hostile to the view expressed in the said decree. It being respectfully submitted that the said decree is directly repugnant to the doctrine of the said case, and under the authority of said case appellant's motion should have been sustained.

"IV. Error in holding, 'it is possible that a person may be a member, but not a policy-holder in the company.' "

*Messrs. Carey & McCullough,* for appellant, cite: *Complaint must allege that insured was member of company, and had an insurable interest in the property:* 52 S. C., 111; 16 Ency., 1 ed., 28. *If the contract is ultra vires, waiver or estoppel cannot apply where there is notice to plaintiff of want of power:* 21 Stat., 1120; 31 Am. R., 226; 23 S. C., 69; 12 Ency., 1 ed., 1100, sec. 6.

*Mr. Wm. C. Wolfe,* contra, cites: *One may procure insurance through an agent and policy may be written in agent's name:* 1 Joyce on Ins., sec. 310; 1 Ency., 2 ed., 1168, 1169. *Written contract made in name of agent, principal being undisclosed, may be sued by principal in his name:* 35 S. C., 576; 31 S. C., 187; 6 Rich., 258; 1 McM., 300-3. *Party in interest may be shown by parol:* 1 Joyce on Ins., 311; 1 Green., 279. *By reason of agent's knowledge, company is estopped from saying plaintiff is not a member:* 70 Ia., 694; 80 Ia., 567.

July 29, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. The plaintiff brought his action against the defendant, The Mutual Insurance Company, of Greenville, S. C., to recover the sum of $275, because of the loss by fire of a small dwelling house and some personal property, alleged to be protected from loss by fire by the policy of insurance issued by the defendant, The Mutual Insurance Company, of Greenville. At the trial, before his Honor, Judge James Aldrich, and a jury, when the complaint was read, the defendant, appellant, made its demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action in this: "(1) That it appeared from the face of the complaint that the defendant insurance company made its contract not with the plaintiff, but with its codefendant, Mary A. Pearson; (2) The complaint failed to allege that the plaintiff was a member of defendant corporation, and under its charter, the said corporation had power to insure the property of only its mem-

bers." The Circuit Judge overruled the demurrer in an order, which the Reporter will include in his report of this cause. From this order the defendant insurance company appealed, and these grounds of appeal may be set out by the Reporter.

We will reproduce the complaint, omitting the first article, which merely alleges the corporate character of the defendant insurance company, as follows:

"2. That the plaintiff during the times hereinafter mentioned was the owner in fee of the following described real estate, to wit: One certain one-story frame dwelling, and one two-story frame barn, with the sheds attached, all of which was appurtenant to a certain tract of land situate in said State and county.

"3. That the plaintiff was likewise the owner of certain household goods, furniture, wearing apparel, etc., at the time hereinafter mentioned.

"4. That about the 1st of February, 1898, one W. P. Pickens, as supervisor or agent of the defendant, The Mutual Insurance Company, of Greenville, S. C., came to plaintiff where he was working in his field, some distance from his said house, and solicited the plaintiff to insure his property in the company of the defendant, The Mutual Insurance Company, of Greenville, S. C.; that plaintiff finally consented, stating to the said W. P. Pickens that the property belonged to him, but that he was then too busy to go to the house to attend to the same; whereupon the said W. P. Pickens stated that the wife of plaintiff could attend to the matter as well as if plaintiff was there in person, and plaintiff assented thereto.

"5. That the said W. P. Pickens thereupon left plaintiff and repaired to his house, where the said W. P. Pickens wrote out an application for the proposed insurance, and had Mary A. Pearson, the wife of plaintiff, to sign the same.

"6. That the defendant, Mary A. Pearson, distinctly informed the said W. P. Pickens that the property proposed to be insured belonged to her husband, the plaintiff herein.

"7. That on the 14th February, 1898, the defendant, The

Mutual Insurance Company, of Greenville, S. C., issued its policy, No. 3252, by which it insured the said real property belonging to plaintiff to the amount of $225, and the said personal property of plaintiff to the amount of $50, against loss or damage from or by fire from noon on February 14th, 1898, until expiration of the company's charter, provided the policy was kept in force by the performance on the part of the insured of the conditions provided in the said written policy of insurance; but the policy was issued in the name of the defendant, Mary A. Pearson, the wife of the plaintiff, instead of to the plaintiff in his own name.

"8. That the plaintiff paid all of the advance fees, premiums and assessments, and all of the same thereafter accruing, and performed all of the conditions precedent required to be by him performed, as the insured, by the said written policy of insurance.

"9. That the defendant, Mary A. Pearson, in the making of the said application, acted as the agent of the plaintiff, that she likewise received and held the said policy of insurance in her name as the agent of the plaintiff for his benefit, and also that a trust thereby arose and resulted in favor of plaintiff.

"10. That about February 1st, 1899, the said buildings and said personal property were totally destroyed by fire, to the damage of plaintiff $800.

"11. That although duly notified, the defendant, The Mutual Insurance Company, of Greenville, S. C., refuses to pay any part of the said insurance; and that the said defendant company is now liable for and owes the plaintiff the sum of $275, with interest thereon.

"12. That although duly offered, the defendant, The Mutual Insurance Company, of Greenville, S. C., refuses to arbitrate the questions at issue between them and the plaintiff.

"13. That the defendant, Mary A. Pearson, has or claims to have some interest in the said policy of insurance.

"*Wherefore,* the plaintiff demands judgment: 1. That

the interest, if any, of the defendant, Mary A. Pearson, be determined by a judgment of this Court. 2. That the plaintiff recover against the defendant, The Mutual Insurance Company, of Greenville, S. C., the sum of $275, with interest thereon from the date of said loss until paid. 3. For his reasonable costs and disbursements."

There is no doubt that the conclusion of the Circuit Judge would have been correct in holding that the defendant insurance company would have been estopped both in denying the contract with the plaintiff, whereby the house and lot was insured in the wife's name instead of his own, because they received his money, and because, also, its agent, W. P. Pickens, took part in procuring this insurance, if the charter had not restricted its power to insure property to persons who were members of the insurance company. Sec. 2 of its charter, under the act of 1897 (22 Stat. at Large, pp. 640 and 641), reads as follows: "Sec. 2. That the corporation" [The Mutual Insurance Company, of Greenville, S. C.] "shall have the right to mutually insure the places of business, dwelling houses, barns and other buildings and property *of its members in Greenville County or elsewhere in the State*—such insurance to be against loss by fire, wind or lightning—upon such terms and under such conditions as may be fixed by the by-laws of said corporation, and all policies heretofore issued by said corporation upon all kinds of property of its *members* are hereby validated," approved the 2d day of March, A. D. 1897 (italics ours). The charter is a limitation upon the corporation itself and all of its agents. The public is bound to deal with such corporation within its chartered powers, where such chartered powers emanate from the State and is contained in the published laws of this State. When, therefore, a chartered corporation and citizens deal with each other with respect to a subject matter covered by the charter but at direct variance with the powers conferred by the State's charter, they do so at their peril. Such acts of the chartered corporation are *ultra vires*. This Court, in the case of *Jacobs and wife* v. *The Mutual In-*

*surance Company, of Greenville, S. C.,* 52 S. C., at page 119, has declared that: "Under the charter of the corporation, it did not have the power to insure the property of any but members of the association. She (Mrs. Jacobs) was not a member, and, therefore, her property could not be insured." There is no doubt but that the agent, W. P. Pickens, as the agent of the defendant insurance company, could bind his principal both by his knowledge and his acts, within the scope of his agency, *but, also, within the powers conferred by the charter of the insurance company,* even if this is a mutual benefit insurance company. *McBoyd* v. *Ins. Co.,* 55 S. C., 589, and *Sparkman* v. *Supreme Council, &c.,* 57 S. C., 16. All the conversation had by W. P. Pickens, as agent, and Mr. and Mrs. Pearson, before the application in writing was signed by Mrs. Pearson, and the policy thereon was issued to Mr. Pearson, was absorbed by and merged in the written instruments. It thus appeared that Mrs. Pearson became a member, but she did not own the house and personal property, for both of these were the property of Mr. Pearson, the plaintiff, respondent. The result is quite a hardship to this poor, deserving plaintiff, yet we are unable to wrest the law from its declared purpose. The Circuit Judge was in error and his order must be reversed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the action be remanded to that Court to sustain the demurrer to the complaint.